# DISCLOSURE STATEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

**LENDER – SECURED PARTY**
Family Choice Financial, Inc.
2902 Hardy St. Ste 30
Hattiesburg, MS

ACCOUNT NO: 1875
DATE OF LOAN: 04/26/2025
INTEREST START DATE: 04/26/2025

| ANNUAL PERCENTAGE RATE | Total of Payments | FINANCE CHARGE | Amount Financed |
|---|---|---|---|
| 17.990% | $5,501.66 | $1,045.04 | $4,456.62 |

**MY PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF FIRST PAYMENT | FIRST PAYMENT DUE DATE | | AMOUNT OF OTHER PAYMENTS | FINAL PAYMENT DUE DATE |
|---|---|---|---|---|---|
| 28 | $207.23 | 06/01/2025 | | $190.09 | 09/01/2027 |

| PROPERTY INS | AUTO INS |
|---|---|
| $4,000.00 | $0.00 |

**Security:** I am giving you a security interest in:
[X] Certain Household Goods  [ ] Motor Vehicle  [ ] Goods or property being purchased
[ ] Real Estate  [X] Collateral securing other loan may also secure this loan
[ ] Other (describe) _____  [ ] This loan is unsecured

**Late Charges:** [X] If a payment is more than 15 days late, I will be charged $5.00 or 4.00% of the delinquent amount, whichever is greater but not to exceed $50.00

**Prepayment:** [X] If I pay off early, I may be entitled to a refund of part of the finance charge.
[ ] If I pay off early, I may have to pay a penalty.

I must see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**NAMES AND ADDRESSES OF ALL BORROWERS:**
Kelly Barry
7158 US Hwy 49
Hattiesburg, MS 39402

**ITEMIZATION OF THE AMOUNT FINANCED OF AMOUNT PAID TO OTHERS ON MY BEHALF**

To Credit Life Ins Premium
[ ] Level  [ ] Decreasing  [ ] Dismemberment
[ ] Single  [ ] Joint           $0.00 / $0.00

To Credit Disability Ins Premium
[ ] 14 Day  [ ] 30 Day  [X] Retro  [ ] Non-Retro

To Property Insurance Premium
[ ] Single Int  [X] Dual Int     $137.17
[ ] Single Int Auto              $0.00

To IUI Premium                   $0.00
To Public Officials              $0.00
To Non-Filing Fee                $0.00
To Electronic Funding Fee        $0.00
To _____                       $0.00
To _____                       $0.00
To Other Creditors               $0.00
_____                          $0.00
_____                          $0.00
_____                          $0.00
_____                          $0.00
_____                          $0.00

**TOTAL PAID TO OTHERS**

Balance on Former Account
LESS: No _____
REFUNDS: Finance Charge          $0.00
Credit Life Ins                  $0.00
Disability Ins                   $0.00
IUI Ins                          $176.15
Property Ins                     $0.00
S I Auto Ins                     $0.00
Net Balance

Amount Paid on My Account
Amount Given to Me Directly      $0.00
Prepaid Finance Charge (Closing Fees)
State Interest Charge
The Loan Contract Rate is 12.00%

**Insurance:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. Insurance, if provided, is for the term of the contract.

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| Single Credit Life | $0.00 | I [ ] do [ ] do not want Single Credit Life Insurance |
| Joint Credit Life | $0.00 | We [ ] do [ ] do not want Joint Credit Life Insurance |
| Credit Disability | $0.00 | I [ ] do [ ] do not want Credit Disability Insurance |

(Borrower(s) initial appropriate box)
[ ] I want Single Interest Property Insurance
[ ] I want Dual Interest Property Insurance

I/We warrant that the value of the collateral on this transaction is _____

As stated above "I", "Me" or "My" means all Borrowers, and "You" means the Lender named above.

## PROMISSORY NOTE

FOR VALUE RECEIVED, Borrower promises to pay to the order of Lender named above at its office, and subject to the terms thereof the Total of Payments as shown in consecutive monthly installments as stated due beginning on the due date for the first payment stated above and continuing on the same day of each succeeding month thereafter until paid. No extension, renewal, or other indulgence by Lender shall release the Borrower. Borrower waives protest. Borrower includes all persons signing below, each of whom shall be jointly and severally liable herein. All provisions set out above are incorporated in this Note by reference as though fully set out herein.

Borrower agrees to pay a closing fee as follows:
a. For loans in the amount of Ten Thousand Dollars ($10,000.00) or less, four percent (4%) of the total payments due on the loan or Twenty-Five Dollars ($25.00), whichever is greater.
b. For loans in an amount greater than Ten Thousand Dollars ($10,000.00), a maximum charge of Five Hundred Dollars ($500.00).

REBATE FOR PREPAYMENT: Prepayment may be made in full or in part at any time. If this loan is prepaid in full, Borrower will receive a refund of the unearned portion of the Prepaid Finance Charge (calculated in accordance with the Rule of 78's based upon months prepaid to borrower as described herein. After the number of months the loan has been in effect from the date loan was made to the date of prepayment plus 20 days will be the number of months and days earned. If the days earned in excess of whole months total 16 or more they shall be considered an additional month earned. No rebate less than $1.00 is required. The days earned in excess of whole months total 16 or more they shall be considered as Prepaid Finance Charge.

Finance Charge for the purposes of the Mississippi Code is the Finance Charge disclosed above, less the amount shown as Prepaid Finance Charge. APPLIES TO SECTION 32 REAL ESTATE LOANS ONLY: If prepayment is a result of refinancing, the finance charge refund will be computed using the actuarial method. If the customer's debt ratio (income to monthly payments) exceeded 60% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.

PREPAYMENT PENALTY: If this loan is secured by a Deed of Trust on real Property, and is prepaid during the first year the penalty shall be 5% of the unpaid principal balance. If prepaid during the second year, the penalty shall be 4% of the unpaid principal balance, if prepaid during the third year, the penalty shall be 3% of the unpaid principal balance. If prepaid during the fourth year, the penalty shall be 2% of the unpaid principal balance, if prepaid during the fifth year, the penalty shall be 1% of the unpaid principal balance. If the customer's debt ratio (income to monthly payments) exceeded 60% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.

LATE CHARGES: In the event that an installment or portion thereof, continues unpaid for 15 or more days following the date said payment is due, the Lender shall collect a default charge of $5.00 or 4.00% of the delinquent amount, whichever is greater but not to exceed $50.00.

If Lender receives a check, draft, negotiable order of withdrawal or like instrument drawn on a bank or other depository institution given by Borrower in full or part of payment of this loan, Lender may if such instrument is not paid or is dishonored by such institution, charge and collect from the Borrower a bad check charge in an amount equal to the actual charge made to the Lender by the depository institution for the return of the unpaid or dishonored instrument, but in no event to exceed the sum of Fifteen Dollars ($15.00). This charge shall not be deemed to be interest, finance charge, or other charge made as an incident to or as a condition to the grant of this loan and shall not be included in determining the limit on charges what may be made in connection with this loan.

BORROWER UNDERSTANDS AND AGREES THAT ALL OF THE ADDITIONAL TERMS ON THE REVERSE SIDE HEREOF ARE A PART HEREOF AS IF FULLY SET FORTH AT THIS POINT.

Borrower authorizes the deductions listed above and acknowledges receipt of the amount paid to him directly and refunds stated above, together with a true copy of this instrument properly filled in prior to execution.

WITNESS: _____

Signature of Borrower _____
Signature of Borrower _____
Signature of Borrower _____

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION
PAGE 1 OF 2
Original

DEFERRAL CHARGES: The Lender and the Borrower may, at any time, agree to a deferral of all or part of one or more unpaid installments, and the Borrower shall pay a deferral charge calculated by applying the above Loan Contract Rate to the amount deferred for the deferment period without regard to differences in the lengths of months, but proportionate for a part of a month, counting each day as one thirtieth (1/30) of a month. A deferral charge is earned pro rata during the deferment period and is fully earned on the last day of the deferment period. Such deferral charge may be collected at the time it is assessed or at any time thereafter. No more than two (2) deferrals may be made, or agreed to be made, in any twelve month period.

DEFAULT AND ACCELERATION. Upon default by Borrower, Lender may (i) bring suit for the delinquent payments without accelerating the remaining balance and/or declaring the remaining balance immediately due and payable, less any rebate of unearned Finance Charges as provided for above, and Borrower shall pay Lender interest on the delinquent amount at the rate of 10% per annum, 33-1/3% of the unpaid balance. After contractual maturity, or after default and acceleration, Borrower shall pay Lender interest on the delinquent amount at the rate of 10% per annum. Borrower shall be in default upon: (1) Failure to pay any payment in full when due; (2) Failure to perform any agreement herein; (3) Any representation made or furnished to Lender by Borrower proves to have been false in any material respect; (4) Loss, theft, substantial damages, destruction, sale or encumbrance to or of the Collateral or the existence of any lien or attachment thereof or thereon; (5) Death; (6) Lender reasonably deems itself insecure; (7) Failure to perform any agreement or covenant contained in the Deed of Trust.

## ARBITRATION AGREEMENT

The parties have this day entered into a separate arbitration agreement which affects certain rights of the borrower which is incorporated herein by reference and made a part hereof as if fully copied herein.

## SECURITY AGREEMENT

Borrowers grant to Lender a security interest under the Uniform Commercial Code of Mississippi in the goods described below, all of which shall hereafter be referred to as "Collateral", as security for the payment of the Promissory Note executed herein, this date, in an amount equal to the Total of Payments as shown above. This Security Agreement shall secure the Lender against all liability or loss on the Promissory Note mentioned above.

No waiver by Lender of any default shall operate as a waiver of any other default or of the same default on a future occasion.

| YEAR | MAKE | VIN | NEW/USED | MODEL | BODYTYPE |
|------|------|-----|----------|-------|----------|

Desc: Toro Zero Turn Z Master; Desc: Browning Sweet 16 Pump; Desc: Winchester Auto 12 Ga Shotgun; Desc: Ruger Mark 7 30/06 With Scope; Desc: Remington 270 Rifle W/scope; Desc: 70" Sharp Flatscreen Smart Tv; Desc: 65" Philips Flatscreen Tv; Desc: 50 Inch Philips Flatscreen Tv

### ADDITIONAL TERMS AND CONDITIONS OF SECURITY AGREEMENT

Upon default, Lender may declare all Obligations secured hereby immediately due and payable and shall have the rights and remedies of a secured party under the Uniform Commercial Code of Mississippi. Lender may enter the Borrower's premises to retake possession of the Collateral. Unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Borrower reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made. The requirements of reasonable notice shall be met if such notice is mailed, postage prepaid, to the address of Borrower as shown on the reverse hereof at least five days before the time of the sale or disposition. Borrower shall pay Lender for all expenses of retaking, holding, preparing for sale, selling, or the like, including Lender's reasonable attorneys' fees and legal expenses.

Borrower warrants that: (1) Collateral will be kept at the address of the Borrower as set forth on the reverse hereof, and the Borrower will not remove the Collateral therefrom without the prior written consent of the Lender; (2) Borrower is the owner of the collateral free from any other adverse lien, security interest or encumbrance; (3) Borrower will not sell, exchange, lease or otherwise dispose of any of the Collateral without the prior written consent of Lender; (4) Borrower will maintain insurance at all times with respect to all Collateral against any substantial risk of loss, damage or destruction as the Lender may require, so long as the amount is not in excess of the amount of the Obligation, such insurance shall be payable to the Lender and Borrower as their interest may appear; all policies of insurance shall provide for 10 days' written minimum cancellation notice to Lender, and Lender is hereby authorized and empowered to act as attorney-in-fact for the Borrower in obtaining, adjusting, settling and canceling such insurance and endorsing any drafts made in connection therewith; (5) Borrower will keep the Collateral free form any adverse lien, security interest or encumbrance and will not waste or destroy the Collateral or any part thereof, and Borrower will examine and inspect the Collateral at any time, wherever located; (7) Borrower will not permit the Collateral to be attached to real estate or become an accession to other goods without the prior written consent of Lender. (8) If the Collateral is attached to real estate or affixed to other goods prior to the perfection of the security interest granted hereby, Borrower will on demand of Lender furnish the Lender with a disclaimer or disclaimers, signed by all persons having an interest in the real estate, or any interest in the Collateral which is prior to Lender's interest.

At its option, Lender may discharge taxes, liens or security interests or other encumbrances at any time levied or placed on the Collateral, pay for insurance on the Collateral and pay for the maintenance and preservation of the Collateral. Borrowers agree to reimburse Lender on demand for any payment made, or any expense incurred by Lender.

_____  _____
Signature of Borrower      Date

_____  _____
Signature of Borrower      Date

_____  _____
In behalf of Company       Date

---

[ ] The following Notice is applicable to this consumer credit transaction only if an "X" appears in the foregoing box and Lender has signed at the right.

LENDER

BY _____

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

I the undersigned, in consideration of the granting of the loan hereunder to the Borrower named on the other side hereof and not for the purpose of being obligated to repay such loan, hereby grant to the Lender a security interest in the property described on the other side hereof, and all proceeds thereof, in accordance with all the terms and conditions of the Security Agreement herein.

_____   _____   _____
Witness                     Signature                   Date

---

This document is subject to a security interest in favor of and pledged as collateral to Investar Bank, National Association.

SCHEDULE A - SECURITY EVALUATION

| Personal Property Collateral: | |
|---|---:|
| Toro Zero Turn Z Master | $1,000.00 |
| Browning Sweet 16 Pump | $800.00 |
| Winchester Auto 12 Ga Shotgun | $800.00 |
| Rugar Mark 7 30/06 With Scope | $800.00 |
| Remington 270 Rifle W/scope | $600.00 |
| 70" Sharp Flatscreen Smart Tv | $600.00 |
| 65" Philips Flatscreen Tv | $600.00 |
| 50 Inch Philips Flatscreen Tv | $400.00 |

Total Value of Collateral: $5,600.00

I affirm the above Items used as collateral on Loan #1023    Dated 8/2/2024 Reflects actual cash value as indicated.

Employee Signature                                           Kelly Barry

220514092

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

File Number: 20224018896A
Date Filed: 12/13/2022 11:55:59 AM
Michael Watson
Secretary of State

A. NAME & PHONE OF CONTACT AT FILER (optional)
Derrek Daughdrill (769) 390-7722

B. EMAIL CONTACT AT FILER (optional)
ddaug@familychoicefinancial.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Family Choice Financial Services, Hattiesburg
2902 HARDY ST STE 30
HATTIESBURG, MS 39401-7031

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME:

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Barry | Kelly | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2902 HARDY ST STE 30 | HATTIESBURG | MS | 39401 | USA |

2. DEBTOR'S NAME: (blank)

3. SECURED PARTY'S NAME

3a. ORGANIZATION NAME: Family Choice Financial

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2902 HARDY ST STE 30 | HATTIESBURG | MS | 39401 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

Toro zero turn Z master mower, Browning sweet 16 pump, Winchester 12ga, Rugar Mark 7 30-06, Remington 270 rifle w/scope, 70" Sharp smart TV, 60" Phillips TV, 50" Phillips TV

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1)(Rev 08/23/11)